# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed September 19, 1927.

THE MERCANTILE BUILDING COM-PANY, A CORPORATION,

VS.

THEODORE MARBURG AND FAN-NIE MARBURG, HIS WIFE, ET AL.

*Randolph Barton, Jr.*, and *William Edgar Byrd* for the Mercantile Building Company.

*Niles, Barton, Morrow & Yost* for Theodore Marburg and wife.

*Sykes, Nyburg, Goldman & Walter* for Simon C. and Louis Applefeld.

STANTON, J.—

On the 29th day of December, 1908, Ernest J. Knabe, Jr., and William Knabe, being then owners in fee simple of the property at the southwest corner of Park avenue and Fayette street, together with their respective wives, demised and leased the same unto the American Piano Company for a term of twenty-one years, beginning January 1st, 1909, at and for the annual rent of $7,500.00, payable in equal monthly installments of $625.00 each on the first day of each month during said term. On December 30th, 1908, by a deed duly recorded, Ernest J. Knabe, and wife, and William Knabe, and wife, conveyed the property subject to the lease aforesaid to Theodore Marburg, with the right to collect the rent reserved thereunder, and Theodore Marburg and wife still continue to be the owners of the said property. The history of this transaction and the state of the title until December 31, 1918, is set forth in the opinion of the Court of Appeals in the case of the American Piano Company vs. Knabe, 131 Md., page 112. On December 31st, 1918, the American Piano Company assigned all of its leasehold estate to James H. Williams, and the said James H. Williams in turn assigned the same to the complainant in this case, by assignment dated April 1st, 1922, both of which papers are duly recorded among the Land Records of Baltimore City.

In the answer of Theodore Marburg and Fannie Marburg, his wife, to the bill of complaint, it was disclosed that by agreement of lease dated November 27th, 1923, Theodore Marburg demised and leased the property at the southwest corner of Park avenue and Fayette street to a certain Simon C. Applefeld for the term of ninety-nine years, beginning on the second day of January, 1929, under the terms and conditions set forth in said lease, which is of record among the Land Records of Baltimore City; and by a supplemental agreement dated December 7th, 1923, a certain Louis Applefeld was made a joint lessee, both of whom have been made parties to this proceeding, and all parties in interest are now before the Court.

The complainant, upon being advised of the lease to the Applefelds, made known its claim to the right of redemption of this lease, and subsequently entered into negotiations with Chester F. Morrow, counsel for Theodore Marburg and Fannie Marburg, to the end that a deed for the property might be executed at the redemption price on the rent reserved in the lease. Mr. Morrow, on behalf of the Marburgs, waived formal tender of the money and declined to accept the redemption price, on the ground that the lease is not in fact subject to redemption. That situation brought about the case now before the Court, and the prayers of the bill of complaint are, first, that the lease be declared and decreed to be redeemable at the rate of six per cent. capitalization of the sum of $7,500.00

being the rent reserved, and making the redemption price $125,000, together with the pro rata accrued rent to the date of redemption. Second, that the defendants be required to execute a deed of the reversionary interest to the complainant.

This lease is for twenty-one years. It was executed in 1908, and at that time the building was erected on the land and used for commercial purposes. The building is located in the very heart of the business section of Baltimore City. The defendants claim that the redemption statutes do not apply to property of this character, and that it was the intention of the Legislature that those statutes should never apply to leases on business property, as indicated by the Acts of 1914 and 1922; that the Acts of 1914 and 1922 clearly show the Legislature intended them to be retroactive. It is further contended that if those statutes were intended to apply, that such statutes are unconstitutional and void, as applied to business building leases, because they constitute unwarranted infringement of the liberty and property rights of the individual guaranteed by the Fourteenth Amendment to the Federal Constitution.

It would appear on reading the case of Brager vs. Bingham, 127 Md. 148, that all of the arguments submitted on behalf of the defendants have been answered, except the direct argument as to the constitutionality of the redemption statutes. The lease now before the Court was executed prior to the Act of 1914. The Court of Appeals has decided that all rights created by leases prior to the Act of 1914 were vested, and could not be, and were not stricken down by the Act of 1914. It would seem that the right of redemption in the Mercantile Building Company is determined and fixed by the effect of the decisions of the Court of Appeals, as to the scope of these redemption statutes, and the rights of the parties thereunder, where leases were made prior to 1914; unless there is force in the contention that these redemption statutes are unconstitutional.

On the question of the constitutionality of the statutes, it is hardly to be supposed that the suggestion has not occurred to the Court, or counsel in the arguments of these prior cases. Judge Bond, in his concurring opinion in the case of Silverstein vs. Epstein, hints at the subject when he illustrates several cases, and refers to the one where property had grown in value over $100,000, and the lessee claimed a right to take it over at $35,000 by redeeming on the basis of the rent in the old lease. He further says: "Other unjust results can easily be imagined, and some doubtless will be shown in other suits before all the leases which originated prior to 1914 have come to an end." But the fact is that those redemption leases have been in operation since 1884. The last one is the Act of 1900. When owners of land contract for the leasing of the same they are charged with knowledge of the meaning and effect of the laws then in force. They contract for leases and execute them on the assumption that they are to be bound by the rights vested in lessee, and it is not unreasonable to hold them to the consequences of their acts, when purchasers of leases for more than fifteen years deal on the basis that they carry the right of redemption, as the law prior to 1914 said they should. Many times the right to redeem carries a money value and is the occasion of substantial expenditures in improving the property for the special purposes or business of the lessee.

In consideration of the several cases involving these leases which have been before the Court of Appeals, if there were any doubt about the constitutionality of the Act, it is reasonable to assume the Court would have so declared, even if counsel had failed to make the point in the arguments which had been submitted. In any event, it seems that the last word to be said and all that could be said against redemption of leases on improved business property was set forth in the opinion of Judge Carroll T. Bond which was rendered and filed in the lower Court in Brager vs. Bingham. Long acquaintance, and the course of dealing and volume of business that has been carried on under the rights given by these leases would require that these redemption statutes be held constitutional unless it were clearly made to appear that they violated or were an invasion of property rights of the lessor.

This the Court does not so find. For these reasons the relief prayed for in the bill of complaint will be granted, and a decree will be signed accordingly.